**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph C. Holmes, | ) | No. CV-08-190-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Russell Barker, a Police Officer for the City of Clinton, Tennessee, et al. | ) | |
| Defendants. | ) | |

Plaintiff has filed a motion to serve defendants and a motion for appointment of counsel. Dkt. ##17-18. The Court will deny the motions.

**I.    The Motion to Serve Defendants.**

Plaintiff requests that the Court order the United States Marshal Service to effect service of process on Plaintiff's behalf. Dkt. #17 at 7. The Court granted this request in a previous order. *See* Dkt. #12 at 2-3. The Court will therefore deny the instant motion as moot.

As stated in the previous order, Plaintiff is instructed to *promptly* inform the Marshals Service of the names of the specific Defendants he wishes to have served, along with the addresses or locations of such Defendants. *See id.* at 2. Plaintiff is advised that he has until **October 6, 2008** to complete service upon Defendants and that the case will be dismissed if Plaintiff fails to meet this deadline. *See id.* at 2-3.

## II. The Motion for Appointment of Counsel.

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, has discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved. Plaintiff's motion makes clear that he is able to adequately articulate his claims. *See* Dkt. #18. While Plaintiff has noted financial difficulties he is experiencing, such difficulties do not make this case exceptional. The Court therefore concludes that the case does not present "exceptional circumstances" warranting the appointment of counsel.

**IT IS ORDERED:**

1. Plaintiff's motion for appointment of counsel (Dkt. #18) is **denied**.
2. Plaintiff's motion to serve defendants (Dkt. #17) is **denied** as moot.
3. Plaintiff shall promptly inform the Marshals Service of the names of the specific Defendants he wishes to have served, along with the addresses or locations of such Defendants.
4. Plaintiff shall complete service upon Defendants by **October 6, 2008**.

1    5.    The Clerk shall **terminate** this action if Plaintiff fails to comply with this
2          order.
3    DATED this 18th day of September, 2008.

*David G. Campbell*
United States District Judge

cc:   USMS