**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph C. Holmes,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Russell Barker, a Police Officer for the City of Clinton, Tennessee; Vaughn Becker, a Police Officer for the City of Clinton, Tennessee; Don Layton, Judge for the Sessions Court in Anderson County, Tennessee; Pam Beck, Supervisor of the Sex Offender Registration Office for the Tennessee Bureau of Investigation; Phillip Harber, an attorney licensed to practice law in the State of Tennessee, and John Doe and Jane Doe, Deputy District Attorneys for the District Attorney's Office of Anderson County, Tennessee,<br><br>　　　　　Defendants. | No. CV-08-190-PHX-DGC<br><br>**ORDER** |

Defendant Philip Harber has filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Dkt. #25. The motion has been fully briefed. Dkt. ##27-29. For reasons stated below, the Court will transfer this action to the United States District Court for the Eastern District of Tennessee.

**I.　Background.**

In 1986, Plaintiff Joseph Holmes was convicted in Arizona state court of child molestation and dangerous crime against children. Dkt. #21 at 20-21; *see State v. Engle*, CR-

1   154769 (Ariz. Super. Ct.).[1]  Plaintiff was sentenced to a prison term of seventeen years in the
2   Arizona Department of Corrections.  *Id.* at 20.  Plaintiff was released from custody in July
3   2003.[2]

4         Plaintiff moved to Clinton, Tennessee in July 2006.  Dkt. #1 at 7.  In January 2007,
5   Plaintiff was arrested in Anderson County for an alleged sex offender registration violation.
6   Dkt. #29-2 at 6-7; *see* T.C.A. § 40-39-204.  Plaintiff was found guilty and was given a
7   suspended sentence of 364 days in jail on the condition that he relocate and not return to
8   Tennessee.  Dkt. #29-2 at 8-9.  Plaintiff currently is incarcerated in Cherokee County,
9   Georgia, on a charge of failing to register as a sex offender.  Dkt. #21 at 12-13; *see* O.C.G.A.
10  § 42-1-12.

11  **II.    This Suit.**

12        Plaintiff filed a complaint in this Court against various Tennessee officials and a
13  private attorney, Philip Harber.  Dkt. #1.  Plaintiff alleges that he moved to the small town
14  of Clinton to work as Harber's legal assistant, but ended up investigating various townsfolk
15  to acquire information that could be used by Harber to slander or blackmail the individuals.
16  *Id.* at 7.  Plaintiff claims that Harber may have sought to run him out of town given his
17  knowledge of Harber's alleged unlawful activities.  *Id.*  Plaintiff further claims that in
18  retaliation for investigating prominent Clinton residents, the other defendants conspired to
19  bring false criminal charges against him, banish him from Tennessee, and have him listed on
20  the National Sex Offender Public Website.  *Id.* at 11-13.  The complaint asserts civil rights
21  claims pursuant to 28 U.S.C. §§ 1983 and 1985.  *Id.* at 1-2.  Plaintiff seeks injunctive relief
22  and $10 million dollars from each defendant.  *Id.* at 13.

23        Defendant Harber seeks dismissal for lack of personal jurisdiction, for improper

---

[1] Plaintiff changed his name from Joseph Carlton Engle to Joseph Carlton Holmes in December 1998.  Dkt. #21 at 14.

[2] *See* http://test.azcorrections.gov/isearch/inmate_datasearch/ index.aspx (enter inmate number 041692 in the ADC Inmate Datasearch "Inmate Number" box and click "GO").

- 2 -

1  venue, and for failure to state a claim for relief. Dkt. #25. Alternatively, he seeks a more
2  definite statement of the claims asserted against him. *Id.*

3  **III.    Discussion.**

4  Because federal question jurisdiction exists, the general venue statute, 28 U.S.C.
5  § 1391(b), applies to this action. *See King v. Russell*, 963 F.2d 1301, 1303 (9th Cir. 1992).
6  That statute provides that a civil action may be brought only in "a judicial district where any
7  defendant resides, if all defendants reside in the same State, [or] a judicial district in which
8  a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C.
9  § 1391(b)(1)-(2).

10  Harber argues that this Court is an improper venue because he resides in Tennessee
11  and nothing in the complaint connects this action to Arizona. Dkt. #25 at 2. Although
12  Harber is the only defendant who has moved to dismiss on the ground of improper venue, the
13  Court has authority to raise the issue of defective venue on its own motion because the other
14  defendants have not been served with process and therefore have not waived the defense.
15  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see Ruiz v. Jolicover*, No. CV 07-
16  743-PHX-DGC (JJM), 2007 WL 1159594, at *1 (D. Ariz. Apr. 18, 2007) ("The Court may
17  raise *sua sponte* the issue of venue when the defendants have not yet filed a responsive
18  pleading and the time for doing so has not yet run.") (citing *Costlow*).

19  A review of the complaint makes clear that the District of Arizona is not the proper
20  venue for this action. The alleged civil rights violations occurred in Anderson County,
21  Tennessee (*see* Dkt. #1 at 3-11), and all Defendants reside in Tennessee (*id.* at 3). This
22  action therefore should have been filed in the Eastern District of Tennessee. *See Costlow*,
23  790 F.2d at 1488 (complaint should have been filed in Alaska rather than Washington
24  because all defendants resided in Alaska and "virtually all of the activity providing the basis
25  of the complaint took place in Alaska"); *see also* 28 U.S.C. § 123 (defining Tennessee's
26  judicial districts).

27  When venue is improper, the Court has discretion to dismiss the action or, "in the
28  interest of justice, transfer [the] case to any district or division in which it could have been

- 3 -

brought." 28 U.S.C. 1406(a); *see Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976). The Supreme Court has made clear that "when dismissal of an action for improper venue would terminate rights without a hearing on the merits because [the] plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred." *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965). If the Court were to dismiss this action without prejudice, a newly filed complaint may be barred by the statute of limitations. *See Anrig v. Ringsby United*, 603 F.2d 1319, 1326 (9th Cir. 1978) (noting that the dismissal of the action for improper venue would deprive the plaintiffs of an available remedy "due to the passage of time and the running of the statute of limitations"). The Court therefore concludes that "it is in the interest of justice and 'particularly appropriate' to transfer" this action to the Eastern District of Tennessee. *United States v. Miller-Stauch Constr. Co.*, 904 F. Supp. 1209, (D. Kan. 1995) (citation omitted).

Given this ruling, the Court will deny as moot Harber's motion to dismiss for lack of personal jurisdiction. The Court will defer to the Eastern District of Tennessee on the resolution of Harber's motion to dismiss for failure to state a claim and alternative motion for a more definite statement. *See Malbco Holdings, LLC. v. AMCO Ins. Co.*, No. CV-07-389-RHW, 2008 WL 2035522, at *4 (E.D. Wash. May 12, 2008) (granting motion to transfer and declining to resolve remaining substantive issues).

**IT IS ORDERED:**

1. Defendant Philip Harber's motion (Dkt. #25) is **denied** to the extent it seeks dismissal for improper venue, is **denied as moot** to the extent it seeks dismissal for lack of personal jurisdiction, and remains pending in all other respects.

/ / /

/ / /

/ / /

/ / /

/ / /

- 4 -

2. Pursuant to 28 U.S.C. § 1406(a), the Clerk is directed to transfer the case to the United States District Court for the Eastern District of Tennessee (Northern Division) for all further proceedings.

DATED this 26th day of November, 2008.

*David G. Campbell*
United States District Judge